UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20106-SCOLA

UNITED STATES OF AMERICA

v.

DUNIEL TEJEDA,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter referred to as the "government") and **DUNIEL TEJEDA** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment pending against him in the above-captioned matter (hereinafter referred to as the Indictment), which count charges the defendant with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. The defendant acknowledges that he has read the charges against him contained in the Indictment and that those charges have been fully explained to him by his attorney.

2. The government agrees to seek dismissal of count two of the indictment, as to this defendant, after sentencing.

3. The defendant agrees to the Factual Proffer attached to this plea agreement and submits it to the Court in support of his guilty plea and as evidence of his guilt in this case.

Defendant's Initials _DT_

4. The defendant is aware that his sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up 20 years in prison for Count One of the Indictment (conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349), followed by a term of supervised release of up to 3 years (18 U.S.C. § 3583(b)(2)). The defendant also understands and acknowledges that the Court may impose a fine of up to $250,000 or twice the gross gain or

Defendant's Initials _DT_               2

loss as a result of the defendant's offense, whichever is greater (18 U.S.C. § 3571(b)(3) and (d)), and shall order restitution to the victims (18 U.S.C. § 3663A). The defendant further agrees that restitution for Count One is not limited to the specific acts set forth in the Indictment. The defendant agrees not to contest that a term of supervised release imposed following any term of imprisonment will include, but not be limited to, a ban on owning, operating, or participating, as an employee or as a contractor, in any business engaged in clinical trials.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. The government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. In addition, under certain circumstances,

Defendant's Initials _____   3

denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

9. The government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The government, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

Defendant's Initials _DZ_   4

violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant agrees that he shall cooperate fully with the government by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the government, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the government; and (c) if requested by the government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

11. The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the government may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this

Defendant's Initials _____   5

agreement requires the government to file any such motions, and that the government's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the government's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. The government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base offense level</u>: That the base offense level is 7 under Section 2B1.1(a)(1) of the Sentencing Guidelines;

    b. <u>Loss</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is more than $550,000, but not more than $1,500,000, resulting in an offense level increase of 14 under 2B1.1(b)(1)(G) of the Sentencing Guidelines;

    c. <u>Number of victims</u>: That the offense involved 10 or more victims, resulting in an offense level increase of 2 under Section 2B1.1(b)(2)(A) of the Sentencing Guidelines;

    d. <u>Use of a Means of Identification</u>: The government takes the position that the offense involved the use of any means of identification unlawfully to produce or obtain any other means of identification, or, in the alternative, that the offense involved the possession of 5 or more means of identification that unlawfully were obtained by the use of another means of identification,

Defendant's Initials _DZ_        6

resulting in an offense level increase of 2 under Section 2B1.1(b)(11)(C) of the Sentencing Guidelines. The defendant believes that the Guidelines enhancement for use of means of identification does not apply and is free to present supporting evidence and argument. The parties agree that the Court will make the final decision at sentencing;

      e. <u>Overall guideline range:</u> That the applicable guideline range under all of the circumstances of the offense committed by the defendant, before consideration of acceptance of responsibility under paragraph 9 and subject to Paragraph 13(d), is Level 23 or Level 25.

14. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government.

15. The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against him in the amount of forty-seven thousand dollars ($47,000 (US)) (hereinafter, the "Forfeiture Money Judgment"), which he agrees is a sum of money equal in value to proceeds he obtained as a result of the commission of the violation to which he agrees to plead guilty herein.

Defendant's Initials _DT_        7

16. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the amount of the Forfeiture Money Judgment. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking entry and full satisfaction of the Forfeiture Money Judgment.

17. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the Forfeiture Money Judgment against him:

   a. All constitutional, legal, and equitable defenses to such forfeiture;

   b. Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

   c. Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

   d. Any right he may have to an appeal of any resulting order of forfeiture regarding the Forfeiture Money Judgment.

18. The defendant knowingly and voluntarily agrees and understands that the entry of the Forfeiture Money Judgment agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the Forfeiture Money Judgment. The defendant also agrees to assist the government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have

Defendant's Initials _DT_                8

accumulated as a result of illegal activities. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the government upon the government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

19. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

20. The defendant further hereby waives all rights conferred by 28 U.S.C. § 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

21. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The

Defendant's Initials _D/_                9

defendant further agrees, together with the government, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

22. The defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Indictment filed against him. Further, the defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The defendant, by his signature affixed below, attests that he has read this agreement, which consists of twenty-four numbered paragraphs, carefully reviewed every part of it with his attorney, and initialed each page to acknowledge his understanding of each provision. The defendant further attests that he is satisfied with his attorney's advice and representation regarding his decision to enter into the agreement, and voluntarily agrees to be bound by every term and condition set forth herein.

23. Defense counsel, by his signature affixed below, attests that he has fully explained to the defendant his rights with respect to the pending Indictment, that he has reviewed with the defendant the provisions of the Sentencing Guidelines and has explained to the defendant the provisions which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the defendant.

Defendant's Initials _DT_    10

24. This is the entire agreement and understanding between the government and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

GUSTAV W. EYLER
Director
U.S. Department of Justice
Consumer Protection Branch

Date: 10/7/2021   By: *[signature]*
LAUREN M. ELFNER
TRIAL ATTORNEY
U.S. DEPARMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

Date: 10/7/2021   By: *[signature]*
JOSHUA D. ROTHMAN
TRIAL ATTORNEY
U.S. DEPARMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

Date: 10/7/21   By: *[signature]*
DAVID DONET
ATTORNEY FOR DEFENDANT

Date: 10/06/21   By: *[signature]*
DUNIEL TEJEDA
DEFENDANT

Defendant's Initials _DT_   11